EDWARD O. LEAR, State Bar No. 132699
CENTURY LAW GROUP LLP
5200 W. Century Blvd. #345
Los Angeles, CA 90045
Phone (310) 642-6900
Fax (310) 642-6910

Attorney for Plaintiff
Kristen Roland

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTEN ROLAND, an individual,<br><br>Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION, L.L.C.; EQUIFAX INFORMATION SERVICES, L.L.C.;<br><br>Defendants. | Case No.: CV12-01061 HRL<br><br>COMPLAINT FOR VIOLATIONS OF FAIR CREDIT REPORTING ACT (15 U.S.C. § 1681) AND CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT (CIVIL CODE §§ 1785.1 ET AL.)<br>1. FAILURE TO ESTABLISH PROPER PROCEDURES (15 U.S.C. § 1681e)<br>2. FAILURE TO REINVESTIGATE (15 U.S.C. § 1681i) |

COMES NOW the Plaintiff, Kristen Roland, (hereinafter "Ms. Roland" and/or "Plaintiff") by counsel, and for her complaint against Defendant, alleges as follows:

### JURISDICTION AND VENUE

1. This is an action for actual, statutory, and punitive damages, costs, and attorney's fees brought pursuant to 15 U.S.C. § 1681 *et seq.* (Federal Fair Credit

1

COMPLAINT

Reporting Act).

## PARTIES

2. The jurisdiction of this Court is conferred by 15 U.S.C. § 1681(p) and 28 U.S.C. § 1367.

3. The Plaintiff is a natural person and resident of California. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

4. Upon information and belief, Defendant EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter "Experian") is a corporation incorporated under the laws of the State of Texas authorized to do business under the laws of the State of California through its registered offices at 475 Anton Boulevard, Costa Mesa California 92626.

5. Upon information and belief, Experian is a "consumer reporting agency", as defined in 15 U.S.C. § 1681(f). Upon information and belief, Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

6. Upon information and belief, Experian disburses such consumer reports to third parties under contract for monetary compensation.

7. Upon information and belief, Defendant EQUIFAX INFORMATION SERVICES, L.L.C. (hereinafter "Equifax") is a corporation incorporated under the laws of the State of Georgia authorized to do business under the laws of the State of California through its registered offices at 1550 Peachtree Street, Northwest, Atlanta, Georgia 30309.

8. Upon information and belief, Equifax is a "consumer reporting agency", as defined in 15 U.S.C. § 1681(f). Upon information and belief, Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

COMPLAINT

9. Upon information and belief, Equifax disburses such consumer reports to third parties under contract for monetary compensation.

10. Upon information and belief, Defendant TRANS UNION, L.L.C. (hereinafter individually "Trans Union" and collectively with Experian and Equifax the "CRA's") is a business entity organized under the laws of Delaware authorized to do business under the laws of the State of California through its registered offices at 555 W Adams Street, Chicago, IL 60661.

11. Upon information and belief, Trans Union is a "consumer reporting agency", as defined in 15 U.S.C. § 1681(f). Upon information and belief, Trans Union is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

## ALLEGATIONS COMMON TO ALL CLAIMS

*Plaintiff's Bankruptcy*

12. On or about October 10, 2005, Plaintiff filed for bankruptcy under Chapter 7 of the United States Bankruptcy Code in the United States Bankruptcy Court for District of Oregon in the case entitled *In re Kristen Roland*, Bankruptcy No. 05-44005-elp7 (hereinafter the "Bankruptcy").

13. The Bankruptcy included the following relevant creditors: Capital One Bank (hereinafter "Cap One"); Chase Bank, Chase Bank, N.A., and Chase Home Finance (hereinafter, collectively "Chase"); HSBC/Best Buy (hereinafter "HSBC/BSBUY"); SST/Columbus Bank & Trust (hereinafter "SST/CIG"). Collectively, Cap One, Chase, HSBC/BSBUY, Les Schwab, CLMBA Collection Service, Atlas Financial, EOS CCA and SST/CIG are the "Creditors".

14. On or about January 25, 2006, the Bankruptcy Court entered an order of discharge pursuant to section 727 of title 11 of the United States Code (the Bankruptcy Code), which discharged the debts held by the Creditors.

15. No motion for relief from stay was ever entered in the Bankruptcy. As

such, an automatic stay was in effect from the filing date, October 10, 2005, through the date the Bankruptcy Court entered the order of discharge, January 25, 2006.

*Inaccurate Reported Credit Entries*

16. In their credit reports regarding Plaintiff, all three CRA's include entries from creditors Cap One, Chase, HSBC/BSBUY and SST/CIG, Les Schwab, CLMBA Collection Service, Atlas Financial, and EOS CCA that reported Plaintiff's credit accounts as being 30, 60, and 90 days past even though said accounts had been discharged in the Bankruptcy according to Plaintiff's Credit Report. *See* Credit Report attached hereto as Exhibit "A", pp. 2- 5.

17. The CRA's includes the following erroneous information in Plaintiff's credit report regarding her accounts with the Creditors, which were discharged through the Bankruptcy:

| Creditor | CRA | Acct. No. | Reported Inaccurate Information |
|---|---|---|---|
| LES SCHWAB | TU | …2430 | 1. Inaccurately reports "collection account" when debt was discharged in bankruptcy.<br>2. Inaccurately reports "past due" amounts when debt was discharged in bankruptcy. |
| CLMBA COL SV | EFX, XPN, TUC | …2672 | 1. Inaccurately reports "collection account" when debt was discharged in bankruptcy.<br>2. Inaccurately reports "past |

| | | | |
|---|---|---|---|
| | | | due" amounts when debt was discharged in bankruptcy.<br>3. Inaccurately reports account "in dispute" when debt was discharged in bankruptcy.<br>4. Inaccurately reports delinquency start date when debt was discharged in bankruptcy. |
| ATLAS FINANCIAL | XPN | …1262 | 1. Inaccurately reports delinquency start date when debt was discharged in bankruptcy.<br>2. Inaccurately reports account "in dispute" when debt was discharged in bankruptcy.<br>3. Inaccurately reports "past due" amounts when debt was discharged in bankruptcy.<br>4. Inaccurately reports "collection account" when debt was discharged in bankruptcy. |
| EOS CCA | XPN | …1930 | 1. Inaccurately reports |

| | | | |
|---|---|---|---|
| | | | delinquency start date when debt was discharged in bankruptcy<br>2. Inaccurately reports account "in dispute" when debt was discharged in bankruptcy.<br>3. Inaccurately reports "past due" amounts when debt was discharged in bankruptcy.<br>4. Inaccurately reports "collection account" when debt was discharged in bankruptcy. |
| TCM FINANCIAL | XPN | …6902 | 1. Inaccurately reports delinquency start date when debt was discharged in bankruptcy<br>2. Inaccurately reports account "in dispute" when debt was discharged in bankruptcy.<br>3. Inaccurately reports "past due" amounts when debt was discharged in bankruptcy.<br>4. Inaccurately reports |

COMPLAINT

| | | | |
|---|---|---|---|
| | | | "collection account" when debt was discharged in bankruptcy. |

*Credit Report Dispute*

18. When Plaintiff discovered these and other erroneous entries in her credit reports, she contacted the CRA's and requested they verify and delete the erroneous information from her credit file.

19. On or about August 2011, the CRA's made some corrections but did not remove or amend any of the above-referenced errors.

20. Upon Plaintiff's request for verification and deletion, and in accordance with its standard procedures, the CRA's did not evaluate or consider any of Plaintiff's information, claims or evidence and did not make any attempt to substantially or reasonably verify the listings and representations from the Creditors that lead to the above-referenced errors in Plaintiff's credit report.

21. In the alternative to the allegation that the CRA's failed to contact the Creditors, it is alleged that the CRA's did forward some notice of the dispute to the Creditors and failed to conduct a lawful investigation.

## FIRST CLAIM FOR RELIEF

### (Failure to Establish Proper Procedures – 15 U.S.C. § 1681e)

22. Plaintiff realleges and incorporates paragraphs 1 through 21 above as if fully set forth herein.

23. Defendants violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

24. As a result of this conduct, action and inaction of Defendants, Plaintiff suffered damages by loss of credit, loss of ability to purchase and benefit from

7

COMPLAINT

credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

25. Defendants' conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

26. Plaintiff is entitled to recover attorney's fees from Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## SECOND CLAIM FOR RELIEF

### (Failure to Reinvestigate – 15 U.S.C. § 1681i)

27. Plaintiff realleges and incorporates paragraphs 1 through 21 above as if fully set forth herein.

28. Defendants violated 15 U.S.C. § 1681i on multiple occasions by failing to delete inaccurate information in Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward relevant information to the Creditors; failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; and by relying upon verification from a source it has reason know is unreliable.

29. As a result of this conduct, action and inaction of Defendants, Plaintiff suffered damages by loss of credit, loss of ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

30. Defendants' conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

31. Plaintiff is entitled to recover attorney's fees from Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## DEMAND

WHEREFORE, Plaintiff demands judgment for compensatory and punitive damages against Defendants, jointly and severely; for her attorney's fees and costs; for pre-judgment and post-judgment interest at the legal rate; and such other relief the Court deems just, equitable, and proper.

DATED: February 27, 2012

**CENTURY LAW GROUP LLP**

By: _____
Edward O. Lear
Attorneys for Plaintiff
KRISTEN ROLAND

9
COMPLAINT

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial of this action.

DATED: February 27, 2012          **CENTURY LAW GROUP LLP**

By: _____
Edward O. Lear
Attorneys for Plaintiff
KRISTEN ROLAND

COMPLAINT