1  **CENTURY LAW GROUP LLP**
   EDWARD O. LEAR, State Bar No. 132699
2  RIZZA GONZALES, State Bar No. 268118
   5200 W. Century Blvd. #345
3  Los Angeles, CA 90045
   Phone (310) 642-6900
4  Fax (310) 642-6910

5  Attorney for Plaintiff
   KRISTEN ROLAND

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| KRISTEN ROLAND, an individual, | CASE NO. 3:12- CV-01061-JSW |
| Plaintiff, | **JOINT CASE MANAGEMENT STATEMENT** |
| v. | Hearing Date: June 1, 2012 |
| EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION L.L.C.; EQUIFAX INFORMATION SERVICES, L.L.C.; | Time: 3:30 p.m.<br>Place: Courtroom 11 |
| Defendants. | **Honorable Judge Jeffrey S. White** |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, counsel conferred to discuss the matters set forth in Rule 26(f) and Local Rule 16.

Thus, the parties hereby submit their Joint Case Management Statement.

1. **BASIS FOR JURISDICTION AND SERVICE**

This action is brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (the "FCRA"). This Court has supplemental jurisdiction over this action pursuant to 28 U.S.C. § 1367. All parties have been served.

2. **FACTS**

**Plaintiff:** Plaintiff Kristen Roland ("Plaintiff") is a natural person and "consumer" as defined in 15 U.S.C. § 1681a(c). Plaintiff's allegations stem from the reporting of information relating to her bankruptcy first filed on October 10, 2005, and discharged on January 25, 2006.

Plaintiff contends that Defendant credit reporting agencies inaccurately reported credit entries relating to discharged creditors Cap One, Chase, HSBC/BSBUY and SST/CIG, Les Schwab, CLMBA Collection Service, Atlas Financial, and EOS CCA. Plaintiff sent letters disputing the inaccurate information to the Credit Reporting Agencies and requested that they reinvestigate and remove the inaccurate information; however, the inaccurate information was not removed.

**Defendants:**

A.   **Trans Union, LLC:**

Trans Union is a consumer reporting agency as that term is defined by the FCRA and states that at all times relevant, Trans Union maintained reasonable procedures to assure maximum possible accuracy of the relevant information concerning Plaintiff and Trans Union complied with the requirements of the FCRA with respect to Plaintiff. Trans Union furthermore properly initiated and conducted any required reinvestigation(s) pursuant to the FCRA. As such, any damages Plaintiff may have sustained were not caused by Trans Union.

B.   **Experian Information Solutions, Inc.:**

Experian is a consumer credit reporting agency, as that term is defined by the FCRA. Experian essentially functions as a storehouse of credit information concerning hundreds of millions of consumers nationwide, collecting and storing credit information originated by others. Experian does not generate credit information itself, nor does it make loans, decide who should receive credit, or set loan terms.

The FCRA is not a strict liability statute and does not require Experian to maintain error free credit reporting. Rather, Experian must maintain and follow reasonable procedures to assure the maximum possible accuracy of the information it reports on consumers. In recognizing that no credit reporting system can be error free, Congress specifically provided consumers with the ability to contact credit reporting agencies to dispute information appearing on their credit disclosures. In many instances, Experian's procedures to ensure the maximum possible accuracy of the information it reports requires notice from a consumer to alert Experian of a potential inaccuracy. Experian's reasonable procedures were followed at all times with respect to Plaintiff's credit file. Experian therefore has no liability in this case.

C. **Equifax Information Services, LLC:**

At all times, Defendant Equifax Information Services LLC maintained reasonable procedures to limit the furnishing of Plaintiff's credit file to persons who had a permissible purpose and provided Plaintiff's credit file only to those persons with a permissible purpose. Further, Equifax was in compliance with the requirements of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA") with respect to Plaintiff. Plaintiff's damages, if any, were not caused by a violation of the FCRA by Equifax.

3. **LEGAL ISSUES**

**Plaintiff:** Whether Defendants Experian, TransUnion, and Equifax established or followed proper and reasonable procedures to assure maximum accuracy in the preparation of the credit report and credit files it published and maintained concerning Plaintiff in violation of the Fair Credit Reporting Act § 1681 et seq.

**Defendants:**

A. **Trans Union, LLC:** The primary legal issues with respect to Trans Union are whether, with respect to Plaintiff, it employed reasonable procedures and conducted reasonable investigation(s) of Plaintiff's dispute(s), which it maintains that it did and thus, Plaintiff's damages, if any, cannot be attributed to Trans Union.

B. **Experian Information Solutions, Inc.:** The primary legal issues with respect to Experian are whether, with respect to Plaintiff, it employed reasonable procedures and conducted reasonable investigation(s) of Plaintiff's alleged dispute(s), which it maintains it did and thus. Plaintiff's damages, if any, cannot be contributed to Experian.

C. **Equifax Information Services, LLC:** The primary legal issues with respect to Equifax are whether, with respect to Plaintiff, it employed reasonable procedures and conducted reasonable investigation(s) of Plaintiff's dispute(s), which it maintains that it did and thus, Plaintiff's damages, if any, cannot be attributed to Equifax.

4. **MOTIONS**

**Plaintiff:** Plaintiff does not anticipate the filing of any dispositive motions.

**Defendants:**

A. **Trans Union, LLC:** Trans Union may need to file a discovery motion and/or a motion for summary judgment.

B. **Experian Information Solutions, Inc.:** Experian anticipates it may file a motion for summary judgment, in whole or in part, depending on the information obtained in discovery.

C. **Equifax Information Services, LLC:** Equifax anticipates anticipates filing a Motion or Partial Motion for Summary Judgment and Motions in Limine, but at this early stage is unable to identify the exact issue(s) under the FCRA and will require further discovery.

5. **AMENDMENT OF PLEADINGS:**

The Parties do not anticipate the amendment of any pleadings other than those that may be ordered by the Court.

6. **EVIDENCE PRESERVATION:** The Parties are aware of their obligations with respect to document preservation and have complied with such under the facts and circumstances of this case.

7. **DISCLOSURES:**

The Parties agree to make their initial witness and document disclosures pursuant to FRCP 26(a) within 14 days of the Rule 26(f) conference.

8. **DISCOVERY:**

The Parties agree that a total of 30 document requests and no more than 40 requests for admissions shall be served per party as to each party. The Parties also agree that no more than 10 depositions shall be taken by any party.

**Plaintiff:** Plaintiff anticipates propounding the following discovery requests: (a) Special Interrogatories, (b) Requests for Production, and (c) Requests for Admissions. Plaintiff may also need to depose the persons most knowledgeable of the facts alleged in the complaint and Defendants' policies and practices relevant to the allegations contained in the complaint and other individuals that may be identified during the course of this litigation.

**Defendants:**

A. **Trans Union, LLC:** Discovery will be sought on all allegations, claims and

affirmative defenses alleged in the Complaint, any Amended Complaint and Answers and will be conducted by (including but not limited to) depositions, interrogatories, requests for production of documents and requests for admission. Trans Union may undertake non-party discovery to determine facts surrounding Plaintiffs' claims.

  **B.**  **Experian Information Solutions, Inc.:**

  **C.**  **Equifax Information Services, LLC:** Discovery will be sought on all allegations, claims and affirmative defenses alleged in the Complaint, any Amended Complaint and Answers and will be conducted by (including but not limited to) depositions, interrogatories, requests for production of documents and requests for admission. Equifax may undertake third-party discovery to determine facts surrounding Plaintiffs' claims.

9. **CLASS ACTIONS**: Not Applicable.

10. **RELATED CASES**: There are no related cases.

11. **RELIEF**:

  **Plaintiff:** Plaintiff seeks compensatory and punitive damages against Defendants, attorney's fees and costs; for pre-judgment and post-judgment interest, and other relief the Court deems just, equitable and proper.

12. **SETTLEMENT AND ADR**: The Parties have stipulated to mediation within 120 days of the Case Management Conference.

13. **CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**: The Parties decline to consent to the Magistrate Judge.

14. **OTHER REFERENCES**: The Parties agree this case is not suitable for reference to binding arbitration, a special master or the Judicial Panel on Multidistrict Litigation.

15. **NARROWING OF ISSUES**: The Parties agree that it is premature to attempt to narrow the issues.

16. **EXPEDITED SCHEDULE**: The Parties see no need for streamlined procedures or an expedited schedule.

17. **SCHEDULING**:

  The Parties agree to the following scheduling dates:

Designation of Experts: 60 days before the Discovery Cut-Off

Designation of Rebuttal Expert(s): 30 days before the Discovery Cut-Off

Discovery Cut-Off: 10 months after the Case Management Conference (approximately March 2013)

Dispositive Motion Filing Deadline: 60 days after the Discovery Cutoff (approximately May 2013)

Hearing of Dispositive Motions: As permitted by the Court's calendar (approximately June 2013)

Pretrial Conference: 30 days after any ruling on dispositive motions (approximately July 2013)

Trial: August 2013

18. **TRIAL:** Plaintiff and Equifax have requested a trial by jury. The Parties estimate the length of trial to be 2-3 days.

19. **DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

**Plaintiff:** None.

**Defendants:**

A. **Trans Union, LLC:** Trans Union Corp., which wholly owns its operating subsidiary Trans Union, LLC, is wholly owned by TransUnion Holding Company, Inc. TransUnion Holding Company, Inc. is jointly owned by a number of non-public funds affiliated with Advent International Corp. and GS Capital Partners. GS Capital Partners is an affiliate of Goldman Sachs Group, Inc., a publically traded entity.

B. **Experian Information Solutions, Inc.:** Experian Information Solutions, Inc., Defendant identifies the following interested parties: Parent Companies: The ultimate parent company of Experian is Experian plc.

C. **Equifax Information Services, LLC:** Equifax Information Services LLC has filed its Certification Of Interested Entities Or Persons. The entity identified by Equifax Information Services LLC is its parent corporation, Equifax Inc.

| | |
|---|---|
| Dated: May 25, 2012 | **CENTURY LAW GROUP, LLP** |
| | By: /s/Rizza Gonzales<br>EDWARD O. LEAR<br>RIZZA GONZALES<br>Attorneys for Plaintiff<br>Kristen Roland |
| Dated: May 25, 2012 | **SCHUCKIT & ASSOCIATES PC** |
| | By:/s/Sandy Davis<br>RICHARD W. BARRON<br>SANDY DAVIS<br>Attorneys for Defendant<br>Trans Union LLC |
| Dated: May 25, 2012 | **JONES DAY** |
| | By:/s/Katherine A. Klimkowski<br>KATHERINE A. KLIMKOWSKI<br>Attorneys for Defendant<br>Experian Information Solutions, Inc. |
| Dated: May 25, 2012 | **NOKES & QUINN** |
| | By:/s/Thomas P. Quinn<br>THOMAS P. QUINN<br>Attorneys for Defendant<br>Equifax Information Solutions, LLC |